**SO ORDERED.**

**SIGNED this 14 day of March, 2008.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

DESIGNATED FOR ON LINE USE BUT NOT FOR PRINT PUBLICATION
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| DONALD W. DAWES and PHYLLLIS C. DAWES, | CASE NO. 06-11237 CHAPTER 12 |
| DEBTORS. | |
| DONALD W. DAWES and PHYLLIS C. DAWES, | |
| PLAINTIFFS, | |
| v. | ADV. NO. 07-5205 |
| INTERNAL REVENUE SERVICE and EDWARD J. NAZAR, Trustee, | |
| DEFENDANTS. | |

MEMORANDUM OPINION AND ORDER
DENYING DEBTORS' MOTION FOR SUMMARY JUDGMENT
AND GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT
ON RES JUDICATA ISSUE

Following oral argument, the Court took under advisement the Debtors' Motion for Partial Summary Judgment[1] and the United States' Cross Motion for Partial Summary Judgment.[2] One of the issues raised in Debtors' motion is the contention "that the IRS purported statutory lien claim against assets of Remnant Company Unincorporated ("Remnant") and Evergreen Investment Company ("Evergreen") is unenforceable, may be avoided by Debtors pursuant to 11 U.S.C. § 545(2), and the avoided lien preserved for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §550." The Court is now ready to rule on that issue, and for the reasons stated below finds that res judicata does not bar the IRS' assertion of a lien in the assets of Remnant and Evergreen.

Chapter 12 Debtors, Donald W. Dawes and Phyllis C. Dawes (hereinafter collectively "Debtors"), appear by their counsel, Mark J. Lazzo. Creditor, the United States of America, through the Internal Revenue Service (hereafter "IRS"), appears by Stephanie M. Page. There are no other appearances.[3] The Court has jurisdiction.[4]

**BACKGROUND FACTS.**

Debtors have been involved in farming in the Goodland, Kansas area continuously since 1962. Three entities, Plainsman Trust ("Plainsman"), Remnant Company Unincorporated

---

[1] Doc. 142, main case; Doc. 21, adversary case.

[2] Doc. 166, main case; Doc. 30, adversary case.

[3] The Chapter 12 Trustee, Edward J. Nazar, was present at oral argument, but has not filed a brief on any of the issues raised in the summary judgment motions.

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. There is no objection to venue or jurisdiction over the parties.

2

("Remnant") and Evergreen Investment Company ("Evergreen"), were a part of Debtors' prepetition farming enterprise.[5] The farming operations were conducted in the name of Remnant. The land farmed by Remnant included land titled in the name of Plainsman. The equipment and motor vehicles used in Debtors' farming operation were titled in the name of Evergreen.

Debtors did not pay their 1982 through 1990 federal income taxes. The IRS made assessments against the Debtors and filed notices of tax liens in three Kansas Counties. The IRS, on April 22, 2003, filed suit against the Debtors (hereafter "Federal Court Action")[6] for assessment of the taxes and foreclosure of liens on specific real property. The IRS was granted a judgment against the Dawes for $1,541,604.08, plus interest allowable by law from May 3, 2004,

---

[5] Debtors' farming operation changed postpetition. On October 18, 2007, the Court approved, over the objection of the IRS, a compromise and settlement of claims asserted by the Debtors against the Chapter 12 Trustee and by the Chapter 12 Trustee against the Debtors, Remnant, and Evergreen in Adversary No. 07-5205. (Main case Doc. 151). The settlement agreement provides that Remnant and Evergreen "shall effect a post-petition transfer to the Dawes of all current assets of Remnant and Evergreen" and the Debtors agreed "to assume personal responsibility for payment of any income tax obligations owed by Remnant and Evergreen under" the returns to be prepared for all years of operation for which returns had not been previously filed. The Chapter 12 Trustee agreed to withdraw his motion to dismiss the Chapter 12 case based upon the contention that Debtors are not family farmers. The Trustee also agreed to dismiss with prejudice certain claims in the Adversary Case, and Debtors, Remnant, Evergreen, and the Trustee agreed to file a journal entry of judgment in the Adversary Case. On February 20, 2008, a Journal Entry of Judgment was filed in the adversary case dismissing with prejudice Court I of the Debtors' Complaint and the counterclaim and third party claim of the Chapter 12 Trustee. (Adversary case Docs. 46 and 47).

At oral argument on the summary judgment motions, counsel for Debtors stated that, as a result of the settlement, all farm operations are being conducted directly by the Dawes, without Remnant as an intermediary. There are no longer any Remnant bank accounts; all costs and profits of farming operations are directly attributable to the Debtor in Possession.

[6] *United States v. Dawes*, 344 F. Supp. 2d 715 (D. Kan. 2004), aff'd. 161 Fed. Appx. 742 (10th Cir. 2005).

through the date of payment. The court also determined that the IRS had a valid tax lien against nine parcels of real estate, which had been transferred by the Debtors to Plainsman.

On July 14, 2006, when the IRS was attempting to enforce its judgment, Debtors filed this case pro se under Chapter 7 of Title 11. The Chapter 7 case was dismissed by order filed on August 2, 2006, for failure to file form B22 and schedules. On August 4, 2006, counsel entered his appearance as counsel for Debtors. A motion to reopen case was granted, and by order entered August 17, 2006, the case was converted to Chapter 12. Edward J. Nazar was appointed Chapter 12 Trustee. The IRS is the principal creditor.

**FINDINGS OF UNCONTROVERTED FACTS.**

In the Federal Court Action, the IRS sought to (1) reduce the Debtors' unpaid taxes to judgment and (2) foreclose its tax liens against the property titled in the name of Plainsman. The defendants were Debtors and the trustee of the Plainsman Trust. Evergreen and Remnant were not parties to the litigation. The IRS alleged that its lien attached to the real property titled in the name of Plainsman because the trust was the mere nominee of the Debtors. The IRS argued that Plainsman, as well as Remnant and Evergreen, were part of Debtors' plan to "set up three sham trusts to hold all of their property," that the Debtors maintained complete control of the assets in the three entities, and that the assets were placed in the three entities to hinder, delay or defraud the creditors of the Dawes, the IRS.[7] The District Court granted the IRS's unopposed motion for summary judgment, entered judgment against the Debtors, and ordered foreclosure of the property held in the Plainsman Trust, based upon the finding that the nine parcels were

---

[7] Doc. 21, Exh. F and F1 (Memorandum of Law in Support of the United States' Motion for Summary Judgment, United States District Court for the District of Kansas, Case no. 03-1132).

4

fraudulently transferred to a sham trust, Plainsman as nominee of debtors. The IRS did not seek and the District Court did not enter any judgment relating to the assets of Remnant or Evergreen.

In this case, the IRS filed a proof of claim for $1,747,841.53, for 1982 through 1990 income taxes. Attached to the proof of claim is evidence of the notices of tax liens filed in Sherman, Thomas, and Wallace Counties naming the Debtors as taxpayers.

On November 13, 2006, Debtors filed their Chapter 12 Plan.[8] The IRS filed its objection for many reasons,[9] including the assertion that the plan is defective because it does not fully provide for the IRS' secured claim, by omitting various assets from the IRS' collateral, including "farm equipment and motor vehicles."

On June 11, 2007, Debtors filed an adversary complaint against the IRS and the Chapter 12 Trustee.[10] In addition to other relief, Debtors prayed in Count II for a judgment that the IRS' purported statutory lien in the property of Evergreen and Remnant is unenforceable.[11]

On August 9, 2007, Debtors filed a motion for partial summary judgment,[12] requesting this Court to rule as follows: The IRS purported statutory lien claim against assets of the Remnant Trust and Evergreen Trust is unenforceable, may be avoided by the Debtors pursuant to 11 U.S.C. § 545(2), and the avoided lien preserved for the benefit of the bankruptcy estate

---

[8] Doc. 50.

[9] Doc. 62.

[10] Doc. 1., Case. No. 07-5205.

[11] As a part of the agreement referenced in note 5 above, a judgment was entered in the adversary case with respect to the claims between Debtors and the Chapter 12 Trustee. After this judgment, Court II of Debtors' adversary complaint against the IRS for avoidance of the IRS' claimed liens in the assets of Remnant and Evergreen remains pending. The res judicata argument under advisement is one basis for the relief sought by Debtors.

[12] Doc. 21.

pursuant to 11 U.S.C. § 550. Debtors' brief[13] does not address lien avoidance; rather it is limited to arguing that the doctrine of res judicata, as applied to the prepetition IRS tax litigation against Debtors, bars the IRS from now claiming a lien in the assets of Remnant and Evergreen. On September 25, 2007, the IRS filed its Reply and Cross Motion for Partial Summary Judgment.[14] The IRS moved for summary judgment on all issues raised by Debtors. Debtors filed a reply brief.[15]

**ANALYSIS AND CONCLUSIONS OF LAW.**

**A. Summary Judgment Standards.**

The res judicata issue presented arises in both the IRS' objection to Debtors' plan, a contested matter,[16] and in Count II of the adversary complaint filed by Debtors. Pursuant to Bankruptcy Rule 7056,[17] Federal Rule 56[18] is applicable to adversary proceedings. Federal Rule 56 also applies in contested matters.[19] Rule 56 provides that the judgment sought by a party moving for summary judgment should be "rendered if the pleadings, the discovery and disclosures on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A genuine issue of material fact

---

[13] Doc. 21.

[14] Doc. 30.

[15] Doc. 36.

[16] Fed. R. Bankr. P. 3007 and 9014.

[17] Fed. R. Bankr. P. 7056.

[18] Fed. R. Civ. P. 56.

[19] Fed. R. Bankr. P. 9014(c).

6

is a factual dispute that may affect the outcome of the case and one that a reasonable trier of fact could find in favor of either party.[20]

**B. Issue Presented and Parties' Contentions.**

The Debtors' argument in their brief in support of summary judgment is limited to the assertion that the doctrine of *res judicata* or claim preclusion prevents the IRS from asserting that the federal tax lien attached to the assets of Evergreen and Remnant. Accordingly, the Court limits its analysis to this question. Given the uncontroverted facts, this is a question of law which may be determined on the motions for summary judgment.

Debtors argue that the IRS litigated its cause of action for fraudulent conveyance in the Federal Court Action and the elements of res judicata are satisfied, such that the IRS may not now contend that its tax lien attached to the assets of Evergreen and Remnant relying on the argument that they, like Plainsman, were sham trusts. The IRS responds res judicata does not apply because in tax collection litigation the Government is not required to bring an action to foreclose its lien in all of the taxpayer's property in one suit.

**C. Res Judicata does not Bar the IRS from Asserting a Tax Lien in the Assets of Remnant and Evergreen.**

Debtors argue that the doctrine of res judicata should apply to preclude the IRS from litigating any claims that were raised or could have been raised in the Federal Court Action. The doctrine of res judicata was recently summarized by the Tenth Circuit as follows:

> The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment. Under Tenth Circuit law, claim preclusion applies when three elements exist:

---

[20] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

7

> (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits. . . .
>
> * * *
>
> . . . To determine what constitutes a "cause of action" for preclusion purposes, this court has adopted the "transactional approach" found in the Restatement (Second) of Judgments § 24. Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction.[21]

Debtors assert these criteria are met: (1) There was a final judgment against Debtors in the Federal Court Action; (2) the IRS and Debtors were parties in the prior action; and (3) the cause of action in the Federal Court Action is the same as in this case because the IRS is seeking to assert a lien in property not titled in Debtors' names on the theory that Remnant and Evergreen, like Plainsman, is a nominee of Debtors. The parties agree that the first and second criteria are satisfied.

Debtors' argument that the present cause of action is the same as litigated in the Federal Court Action has superficial appeal, but it does not withstand close scrutiny. Under the "transactional approach," the IRS' claim of lien enforcement in this bankruptcy case is not the same "cause of action" as was asserted in the Federal Court Action. Pursuant to the section of the Restatement of Property adopted by the Tenth Circuit, the "transactional approach" to determine what constitutes a "cause of action" for purposes of res judicata applies only when the doctrines of merger and bar extinguishes a plaintiff's claim. Specifically, the section of the Restatement of Judgments on which Debtors rely states:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the

---

[21] *Mactec, Inc. v. Gorelick*, 427 F.3d 821, 831-32 (10th Cir 2005) (citations omitted).

> plaintiff to remedies against the defendant with respect to all or
> any part of the transaction, or series of connected transactions, out
> of which the action arose.[22]

Therefore, extinguishment of a claim under the rules of merger or bar is a prerequisite to the defining of a cause of action under the transactional approach. Section 18 addresses the general rule of merger and provides:

> When a valid and final personal judgment is rendered in favor of the plaintiff:
> (1) The plaintiff cannot thereafter maintain an action on the original claim or any part thereof, *although he may be able to maintain an action upon the judgment;* and
> (2) In an action upon the judgment, the defendant cannot avail himself of defenses he might have interposed, or did interpose, in the first action.[23]

Section 19, addresses the general rule of bar and provides, "A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim."[24]

In this bankruptcy case, there is no merger under § 18. In the Federal Court Action, an in personum judgment against Debtors for the amount of taxes owed was entered. In this case, the IRS is not attempting to obtain another judgment on the same liability. Rather, the IRS filed a proof of claim to collect the in personum judgment entered against the Debtors in the Federal Court Action.[25] In addition, there is no bar because Debtors did not prevail in the Federal Court Action. The IRS did not raise and did not suffer an adverse judgment on the assertion of a lien

---

[22] Restatement (Second) of Judgments § 24 (1982).

[23] *Id*. at § 18 (italics supplied).

[24] *Id*. at § 19.

[25] To satisfy that judgment, the IRS asserts a lien in property allegedly held by Debtors' nominees, just as it did in the Federal Court Action. But the property is different, and the nominees are different.

9

in the assets of Remnant and Evergreen. There is no extinguishment of the IRS's claim asserted in this case pursuant to the rules of merger or bar. Therefore, the condition for determining the scope of the extinguishment of claims under the transactional definition of cause of action is not present. The IRS is attempting to enforce a judgment, not to assert a legal claim which could have been extinguished by the prior action under the doctrines of merger or bar.

In addition, Debtors are essentially asking the Court to impose a one action rule against the IRS, which the Court refuses to do. Under such a rule, the IRS could bring only one lawsuit to enforce a tax liability and to foreclose its liens.[26] Such a rule would be incompatible with the tax collection authority and lien rights of the IRS. Under the Tax Code if "any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."[27] The lien "arises at the time the assessment is made and shall continue until the liability for the amount assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of the lapse of time."[28] The interests of the taxpayer in property are determined under state law,[29] but whether the lien attaches to that interest is a matter of federal law.[30] Taxpayer's ownership has been extended by

---

[26] See 55 Am. Jur. 2d Mortgages § 519 ("In some jurisdictions, statutes have been enacted which provide that there shall be only one action for the recovery of any debt or the enforcement of any right secured by a mortgage or a lien on property, . . ..").

[27] 26 U.S.C. § 6321.

[28] 26 U.S.C. § 6322.

[29] Elliott, *Federal Tax Collections, Liens & Levies* ¶ 9.07, 1999 WL 629252 (W.G. & L.)

[30] *Id*. However the tax lien is not valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice has been filed by the IRS. 26 U.S.C. § 6323. Lien notices are filed in the place designated by state law. In Kansas, as to real property the notice is filed

10

the courts to include any property held in the name of a nominee, for example, household furnishings in the name of a corporation controlled by the taxpayer.[31]

There are essentially no limits on the type of action the IRS can bring to collect an internal revenue tax. The principal types include reducing the assessment to judgment, to foreclose a tax lien as to a particular item of property, appointment of a receiver to enforce a lien, and enforcement of a levy issued to a third party.[32] Authority of the United States to bring actions to foreclose tax liens exists "[i]n any case where there has been a refusal or neglect to pay any tax."[33] Tax liens generally continue until the taxes have been paid,[34] and may even attach to after acquired property.[35]

For the foregoing reasons, the Court holds that the doctrine of res judicata does not bar the IRS from asserting a lien in the assets of Remnant and Evergreen, even though it could have asserted those lien rights in the Federal Court Action. Res judicata does not apply to efforts to enforce a prior judgment, and tax liens survive until the assessed taxes are paid in full.

---

in the office of the register of deeds of the county in which the real property subject to the lien is situated. K.S.A.79-2614(b). As to personal property, the notice is filed in the office of the register of deeds in the county where the person against whose interests the lien applies resides at the time of filing the notice of lien, except the notice is filed in the office of the secretary of state for liens against interests of corporations, partnerships, trusts, and estates. K.S.A. 79-2614(c). In this case, the IRS filed liens in the offices of the registrar of deeds in three counties.

[31] Elliott, *Federal Tax Collections, Liens & Levies*, ¶ 9.09[2], 1999 WL 629254 (W.G. & L.).

[32] Elliott, *Federal Tax Collections, Liens & Levies*, ¶ 20.02, 1999 WL 629621 (W.G. & L.).

[33] 26 U.S.C. § 7403.

[34] 26 U.S.C. § 6322.

[35] 26 U.S.C. § 6321.

**CONCLUSION.**

The Court denies Debtors' motion for summary judgment on the contention that the IRS' purported statutory lien claim against assets of Remnant and Evergreen is unenforceable. The doctrine of res judicata, upon which the Debtors exclusively rely when moving for summary judgment, does not apply to the IRS' assertion of its lien in an effort to collect its judgment against Debtors for past due income taxes. The Court grants the IRS' cross motion for summary judgment on the same issue. As a matter of law, the doctrine of res judicata does not bar the IRS from pursuing its claim of a lien in the assets of Remnant and Evergreen.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. Judgments in the main case and the adversary proceedings based upon this ruling will be entered on separate documents as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###